### No. 413
### POSTAL TEL. & CABLE CO. v. FRIEDLANDER

Ohio Appeals, 9th Dist., Summit County
No. 794.   Decided May 7, 1924

1050. TELEGRAPH COMPANIES.

1. Telegraph companies held liable to addressee for negligent transmission of message.

2. A non-liability stipulation against delays in delivery printed on back of telegram is against public policy and void.

3. Stipulation on back of telegram not binding on addressee.

WASHBURN, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action by Friedlander to recover damages for the negligent transmission of a message by the Postal Telegraph Cable Company.   Plaintiff had negotiations with a party residing in Cleveland, Ohio, looking to the purchase of a fruit farm from said Cleveland party.  The negotiations between the parties were carried on by telegram.   An offer was sent by telegram to plaintiff stating, "Must have answer by four o'clock today."   The plaintiff immediately wired, accepting offer. This message should have reached the Cleveland party long before four o'clock, but it was not delivered until after four.   At the time that the message was delivered, the Cleveland party had disposed of the farm.

The plaintiff thereupon brought an action for damages.  The defense offered was a denial of negligence and it claimed that the message was sent subject to the terms of a contract in writing limiting its liability for mistakes or delays in transmission or deilvery to the amount received for sending the message, which was 59 cents.  The trial court refused to charge the binding force and effect of such stipulation on the back of telegram.  A verdict was rendered for the plaintiff in the sum of $1,000.  In sustaining the judgment of the lower court, the Court of Appeals held:

1. A telegraph company is liable to an addressee of a telegram for negligently delaying the delivery of the same.

2. A non-liability stipulation, or a stipulation limiting the liability of the defendant for the negligent transmission of a message, printed on the back of a telegram is against public policy, and void.

3. A notice of exemption from liability printed on the back of a telegraph blank is not binding on the addressee, and an addressee has a right of action against the Telegraph Company, as the contract was made for his benefit.

Attorneys—Cook, McGowan, Foote, Bushnell & Lamb, Cleveland, for Telegraph Co.; N. M. Greenberger, John D. Hotchkiss and E. M. Wachner, Cleveland, for Friedlander.